UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BERNICE A. JACKSON,

      **Plaintiff,**

    v.

FLORIDA SHERIFF'S ASSOCIATION,
MARION COUNTY SHERIFF'S
OFFICE, JUDGE LORI COTTON,
INDIVIDUAL AND OFFICIAL
CAPACITY; SHERIFF BILLY
WOODS, INDIVIDUAL AND
OFFICIAL CAPACITY; DEPUTY
GUILLARD, INDIVIDUAL AND
OFFICIAL CAPACITY; AND
DEPUTY BAILEY, INDIVIDUAL AND
OFFICIAL CAPACITY;

      **Defendants,**

_____/

Case No.: 5:26-cv-00022-AGM-PRL

**ORDER**

The Plaintiff, Bernice Jackson., who is proceeding pro se, filed this action against Florida Sheriff's Association, the Marion County Sheriff's Office, Judge Lori Cotton, Sheriff Billy Woods, Deputy Guillard, and Deputy Bailey, alleging claims in both their individual and official capacities. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II.    Discussion

Plaintiff's form complaint includes about six paragraphs of handwritten vague, conclusory allegations. At the outset, Plaintiff purports to allege a claim for wrongful arrest under 42 U.S.C. § 1983. (Doc. 1 at 4). As best can be discerned from the allegations of the complaint, Plaintiff's claims arise from her dissatisfaction with criminal proceedings involving her son, whom she describes as her care provider. In a conclusory manner, and without well-pled facts, Plaintiff alleges that her son was arrested, detained without probable cause, that officers falsified evidence, that he was assaulted in jail, and that her son was kidnapped. Plaintiff demands, among other relief, $1 million in damages and the sheriff's office investigated for corruption.

To begin, Plaintiff's allegations are vague, conclusory, non-specific, and lack well-pled facts. Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, she is "still required to conform to procedural rules, and the court is not

required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Liberally read, the complaint fails to state a plausible claim under § 1983 against any of the defendants. The conclusory allegations in the complaint do not sufficiently constitute a factual basis for Plaintiff's claim that her son's civil rights were violated, and the Court also notes that Plaintiff also appears to lack standing for the claims she alleges in the complaint.

Further and most significantly, Plaintiffs claims appear to be barred by the *Rooker-Feldman* doctrine and the doctrines of judicial immunity and prosecutorial immunity. While it is highly doubtful Plaintiff will be able to allege a viable claim, out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for her claim. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.  Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **April 6, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may

result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on March 4, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties